1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL AARON WITKIN,                      No.  2:21-cv-2181 JAM AC P

12                  Plaintiff,

13         v.                                     ORDER

14    C. SNELLING, et al.,

15                  Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1,

19    2, 6.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1)(B).

21    I.     IN FORMA PAUPERIS APPLICATION

22         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23    1915(a).  See ECF Nos. 2, 6.  Accordingly, the request to proceed in forma pauperis will be

24    granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1    forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of

2    twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3    These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

4    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5    1915(b)(2).

6        II.        SCREENING REQUIREMENT

7            The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

12           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19           A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

20   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

21   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

22   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

23   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

24   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

25   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

26   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

27   McKeithen, 395 U.S. 411, 421 (1969).

28   ////

1        III.    THE COMPLAINT

2            Plaintiff is an inmate at California Medical Facility ("CMF").  His thirty-two page

3    complaint presents putative civil rights claims against fifteen named CMF employees and fifty

4    Doe CMF employees.  ECF No. 1 at 1-2.  In an introductory section, plaintiff states summarily

5    that his causes of action involve violations of his rights under the First Amendment, Eighth

6    Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

7    Id. at 2-3.  The ensuing factual narrative, which is extremely detailed, covers events from

8    plaintiff's arrival at CMF on May 17, 2021, to the events of November 18, 2021.[1]  Id. at 3-22.

9    Plaintiff alleges a series of misconduct by staff, about which he complained openly, leading to

10   further misconduct by staff.

11           The saga begins with an allegedly illegal search and seizure in June 2021 that recovered a

12   contraband cell phone from plaintiff's typewriter.  Id. at 4-5.  A subsequent RVR hearing was

13   conducted without respect for due process, and an ensuing Classification Committee hearing

14   resulted in an illegal placement.  Id. at 5-7.  Plaintiff was subsequently subjected to an illegal strip

15   search in September 2021, and was issued a false and retaliatory RVR in October for kissing his

16   girlfriend at the end of a visit.  Id. at 7- 10.  Next an anonymous kite falsely warned prison

17   officials that plaintiff was planning to kill an officer, and plaintiff was placed in Ad Seg.  Id. at

18   10-15.  A subsequent ICC hearing, allegedly defective, confirmed the ASU placement.  Id. at 15-

19   16.  In November 2021, plaintiff received another (impliedly contrived) RVR, this one for

20   possession of earbuds.  Id. at 16-18.  Another ICC hearing continued the improper ASU

21   placement.  Id. at 18-19.  On November 13, 2021, a hearing was held regarding the RVR for the

22   kissing incident.  Plaintiff was wrongfully found guilty.  Id. at 19-21.  Five days later plaintiff

23   meet with defendant Pompey, his correctional counselor, to discuss the wrongful forfeiture of

24   _____

25   [1]  The complaint was docketed on November 24, 2021.  ECF No. 1.  It is not possible that
     plaintiff administratively exhausted, prior to filing, claims that he wishes to base on the most
26   recent events.  Any claims based on matters that had not been administratively appealed through
     the highest level prior to the filing of the complaint are subject to dismissal.  See 42 U.S.C. §
27   1997e.  Plaintiff's allegations regarding the effective unavailability of administrative remedies,
     ECF No. 1 at 22-23, will not be reviewed in the screening context.  See Jones v. Bock, 549 U.S.
28   199, 216 (2007) (failure to exhaust is an affirmative defense).

                                                    3

1   credits and recalculated release date that had followed the preceding events.  Id. at 21-22.

2       IV.     FAILURE TO STATE A CLAIM

3           A.  First Amendment Retaliation

4       Plaintiff's First Amendment claim alleges that seven discrete events—the bringing of the

5   RVR regarding the kissing incident, referral for ASU placement, initial ASU placement, retention

6   in ASU, placement in a reduced work group, denial of due process at an RVR hearing, and

7   alteration of plaintiff's credit earning status and release date—were all adverse actions taken by

8   various defendants "because of" various exercises of plaintiff's "protected use of this Court" and

9   the inmate grievance process.  ECF No. 1 at 23-25.  As pleaded, this omnibus First Amendment

10  claim is not readily amenable to screening and does not appear to state a claim.

11      First, each of the alleged acts of retaliation should be pleaded as a separate claim, as each

12  is intended to establish the liability of different defendants and is predicated on different factual

13  allegations.  Moreover, because the complaint presents a lengthy factual narrative prior to its

14  statement of claims, and only summarily references those facts in the claim itself, it is unduly

15  difficult for the court to evaluate the sufficiency of the alleged facts to support a claim against any

16  individual defendant based on any particular incident.  Rule 8 of the Federal Rules of Civil

17  Procedure requires a "short and plain statement" setting forth plaintiff's entitlement to relief.  The

18  court (and defendants) should be able to read and understand plaintiff's pleading within minutes.

19  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  Lengthy narrative statements are

20  inconsistent with this requirement.  Id.  If plaintiff chooses to amend the complaint, he should

21  limit his factual allegations to those providing the basis for each claim, and should set them out

22  under the heading of the claim which they support.  In other words, as to each intended retaliation

23  claim, plaintiff should limit himself to the short and plain statement contemplated by Rule 8.

24      Substantively, the various allegations of retaliation appear insufficient to state claims for

25  relief.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic

26  elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

27  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

28  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

4

1    correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Mere allegations

2    of retaliatory motive or conduct will not suffice.  See Frazier v. Dubois, 922 F.2d 560, 562 n.1

3    (10th Cir. 1990); see also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000)

4    (retaliation claim cannot depend on inference that because one thing followed another, the first

5    caused the second).  Rather, plaintiff must allege *facts* demonstrating retaliatory motive.

6         Here, plaintiff makes the conclusory allegation that each adverse action was taken

7    "because of" his protected conduct.  Conclusory allegations, however, are insufficient to state a

8    claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 679 (2009).  If he chooses to amend, plaintiff

9    must identify facts as to each claim of retaliation showing that the individuals who took the

10   adverse action were motivated by their actual knowledge of and hostility to specific protected

11   conduct of plaintiff's.  Without such allegations, any retaliation claim will fail.

12         B.  Eighth Amendment

13        Plaintiff claims that his Eighth Amendment rights were violated when defendants

14   Strickland, Timms, and Pompey failed to return him to lower-level offender housing.  ECF No. 1

15   at 25-27.  The Eighth Amendment prohibits cruel and unusual punishments, including inhumane

16   conditions of confinement.  See Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009).  Plaintiff

17   here brings no allegations indicating that he has been denied the "the minimal civilized measure

18   of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The allegation that plaintiff

19   has been denied programming opportunities and other privileges does not rise to the level of an

20   Eighth Amendment injury, and plaintiff's subjective degree of distress about his classification

21   and/or retention in ASU cannot change that.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (to

22   violate the Eighth Amendment, a deprivation must be objectively grave).

23        Moreover, a prison official cannot be found liable under the Eighth Amendment for

24   denying an inmate humane conditions of confinement unless the official knows of and disregards

25   an excessive risk to inmate health or safety.  Farmer, 511 U.S. at 837.  The complaint is devoid of

26   allegations supporting deliberate indifference to plaintiff's health or safety on the part of any

27   defendant.  Plaintiff states that defendants collectively are "operating… with the malevolent hope

28   that some violent tragedy will befall plaintiff and silence his First Amendment activities

5

1    permanently." ECF No. 1 at 26.  This allegation appears to be entirely speculative; plaintiff has

2    presented no facts suggesting that an actual threat to his safety exists or that any defendant has

3    acted with the intention that he come to harm.

4           The complaint's allegations regarding plaintiff's classification fail to state a claim upon

5    which relief may be granted, under the Eighth Amendment or any other theory.  Inmates have no

6    constitutional right to a particular housing classification, nor do they have a right to be housed in

7    a particular prison or unit.  Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); see Moody v.

8    Daggeett, 429 U.S. 78, n.9 (1976); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Prison

9    officials have broad discretion when housing and disciplining inmates.  See Grayson v. Rison,

10   945 F.2d 1064, 1067 (9th Cir. 1991).  Plaintiff's allegations regarding violations of California law

11   and applicable regulations in the course of his ASU placement cannot support relief under section

12   1983.  See Sandin v. Conner, 515 U.S. 472 (1995); Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th

13   Cir. 2009).

14              C.  Due Process

15         Plaintiff's Fourteenth Amendment due process claim references discrete denials of due

16   process (1) at the July 2021 RVR hearing, (2) in plaintiff's placement and/or retention in ASU on

17   the basis of information known to be unreliable, and (3) in the processes used to place and retain

18   him in the ASU.  ECF No. at 27-28.  Plaintiff has made screening unduly burdensome by

19   combining what should be separate claims due to their distinct factual bases, and by globally

20   incorporating by reference all preceding allegations of the complaint rather than providing a short

21   and plain statement of the facts demonstrating a due process violation.  See id.  Like plaintiff's

22   First Amendment claim, the failure to comply with Rule 8 makes screening impracticable.

23         Plaintiff is informed that his rights at a disciplinary hearing are limited to those recognized

24   in Wolff v. McDonnell, 418 U.S. 539, 556-71 (1974).[2]  A claim based on alleged deprivation of

25   ////

---

26   [2] False charges do not violate an inmate's constitutional rights.  Buckley v. Gomez, 36 F. Supp.
27   2d 1216, 1222 (S.D. Cal. 1997), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord,
     Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951
28   (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).

1   Wolff procedures must briefly but clearly identify the specific alleged deprivation and the facts

2   demonstrating a violation of plaintiff's rights.

3          Ad seg placement involves still fewer procedural requirements than an RVR hearing.

4   When an inmate is place in ad seg the Constitutional requires only that he be given an "an

5   informal, nonadversary review of the information supporting [his] administrative confinement,

6   including whatever statement [he] wishe[s] to submit, within a reasonable time after confining

7   him to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1983).

8          In either context, reliance on unreliable evidence will not support a claim for relief under

9   § 1983. As long as prison disciplinary charges are supported by "some evidence," due process is

10  satisfied and the courts may not interfere. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

11              D.  Equal Protection

12         Plaintiff's Fourteenth Amendment equal protection claim asserts that plaintiff is similarly

13  situated to other inmates with a Level I placement score but has been singled out for disparate

14  treatment. ECF No. 1 at 28-30. This claim appears to be substantially duplicative of plaintiff's

15  First Amendment claims. See id. at ¶ 206 ("Because of plaintiff's First Amendment protected

16  activities he is being treated differently without a rational basis.") This claim also reiterates

17  plaintiff's allegations of Eighth and Fourteenth Amendment violations. See id. at ¶¶ 207-209. To

18  the extent that plaintiff is using the language of equal protection to describe other alleged

19  constitutional violations, he cannot state a claim.

20         Equal protection claims under Section 1983 generally allege that plaintiff is part of

21  protected class. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). There are no

22  such allegations here.  Absent a classification that warrants some form of heightened review, the

23  Equal Protection Clause requires only that the classification rationally further a legitimate state

24  interest. Nordlinger v. Hahn, 505 U.S. 1, 10 (1992); see also United States v. Juvenile Male, 670

25  F.3d 999, 1009 (9th Cir. 2012). Plaintiff's claim does not appear to rest on any classification

26  other than his own institutional classification and individual treatment by defendants.

27         To the extent that plaintiff intends to rely on a "class of one" theory, he must allege facts

28  showing "that [he] has been intentionally treated differently from others similarly situated and

7

1    that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech,

2    528 U.S. 562, 564 (2000).  "Similarly situated" persons are those "who are in all relevant respects

3    alike." Nordlinger, 505 U.S. at 10.  Here, that would mean other inmates with a Level I

4    placement score *and* a disciplinary history analogous to plaintiff's.  If plaintiff means to allege

5    that the disciplinary history itself represents the adverse treatment, then the claim appears to be

6    duplicative of his other claims and is subject to dismissal on that basis.  In any event, the claim is

7    too conclusory to proceed in its present form.

8         V.     LEAVE TO AMEND

9         If plaintiff chooses to file a first amended complaint, he must demonstrate how the

10   conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

11   v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

12   each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

13   Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

14   or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

15   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

16   participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

17   268 (9th Cir. 1982) (citations omitted).

18        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

19   his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

20   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

22   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

23   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

24   in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

25   complaint, the original complaint no longer serves any function in the case.  Therefore, in an

26   amended complaint, as in an original complaint, each claim and the involvement of each

27   defendant must be sufficiently alleged.

28   ////

1    VI.    PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS

2          Plaintiff has filed a motion for relief from the e-filing page limits.  ECF No. 8.  This

3    court's pilot program for the electronic filing of prisoner litigation applies only to commencement

4    of an action by the filing of the initial complaint.  Plaintiff's initial complaint was successfully

5    filed and has now been screened.  The motion will therefore be denied as moot.  However, any

6    amended complaint must be limited to 25 pages.  There is no reason that plaintiff's claims,

7    redrafted to comply with Rule 8, cannot be adequately set forth in a 25-page document.

8    VII.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

9          Your request to proceed in forma pauperis is granted and you are not required to pay the

10   entire filing fee immediately.

11         The complaint has been screened to the extent possible, and the court finds that it is not

12   suitable for service in its present form.  You are being given the chance to file an amended

13   complaint, which must provide a "short and plain statement" of each claim for relief.  **Each**

14   **alleged violation of your rights should be set out as a separate claim, with the facts**

15   **presented one claim at a time rather than in a long narrative at the beginning.**  For each

16   claim, explain briefly and clearly who did what that violated your rights.

17         To state a claim for retaliation, you must include facts demonstrating that the defendant(s)

18   knew of your protected First Amendment activity and was motivated by that to treat you badly.  It

19   is not enough to just say that the defendant acted "because of" your protected conduct.  You need

20   to say what your protected conduct was, how the defendant knew about it, and how you know that

21   was the reason for their adverse action.

22         An Eighth Amendment claim does not appear from the facts you have alleged.  Being put

23   in ad seg does not violate your Eighth Amendment rights unless the conditions are inhumane.

24   Wrongful disciplinary findings and false charges do not violate your constitutional rights even if

25   state law or prison regulations are violated.  An equal protection claim that just repeats your other

26   claims will be subject to dismissal.

27         An amended complaint must be no more than 25 pages long.

28   ////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's motion to exceed the e-filing page limits, ECF No. 8, is DENIED as moot.

4.  The court has attempted to screen the complaint pursuant to 28 U.S.C. § 1915A and finds that it is not suitable for service in its present form.

5.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must be no more than 25 pages long, must bear the docket number assigned this case, and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 16, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE