UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN, | No. 2:21-cv-2181 JAM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. SNELLING, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 24, 2021, Plaintiff filed a motion for a preliminary injunction. ECF No. 3. The motion accompanies a complaint that asserts multiple claims against numerous named and unnamed officials at the California Medical Facility ("CMF"). ECF No. 1. The claims arise from a series of allegedly retaliatory and otherwise unconstitutional disciplinary charges and resulting sanctions including administrative segregation. Id. The complaint has been screened and found not to state a claim for relief as pleaded. ECF No. 11. For the reasons stated below, the undersigned will recommend that the motion for preliminary injunctive relief be denied.

I. PRELIMINARY INJUNCTION MOTION

In his motion, Plaintiff asserts that Defendants have retaliated against him in violation of his First Amendment rights for filing a grievance when they brought false disciplinary charges

against him and placed him in administrative segregation. See ECF No. 3 at 2.  He also contends that to further suppress his protected speech, Defendants have wrongfully housed him with "violent lifers" where he runs the risk of personal injury, in violation of his Eighth Amendment rights and that Defendants have improperly changed his credits and release date. See id.  Plaintiff argues that without an injunction, his constitutional rights will continue to be violated, and he seeks the instant preliminary injunction in order to "prohibit[] the continuing constitutional violations." See ECF No. 3 at 3.  Citing to Elrod v. Burns, 427 U.S. 347 (1976), Plaintiff also argues that Defendants depriving him of his First Amendment rights, even if for a minimal period of time, constitutes irreparable injury in a preliminary injunction analysis. See Elrod, 427 U.S. at 373 ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); see also ECF No. 3 at 3.

II..   APPLICABLE LAW

"A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted).  When evaluating the merits of a motion for preliminary injunctive relief, the court considers several factors.  Under Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Winter, 555 U.S. at 20; see Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter).  The propriety of a request for injunctive relief hinges on demonstrated and immediate threatened irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674-75 (9th Cir. 1988); see also Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991) (citation omitted) ("A plaintiff must do more than merely allege imminent harm . . . , he or she must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").

////

////

III.   DISCUSSION

Because injunctive relief is appropriate only when irreparable injury is imminent, see Caribbean Marine Servs. Co, 844 F.2d at 674, this motion must be denied.  First, the motion simply reiterates the First and Eighth Amendment claims raised in the complaint.  Compare ECF No. 1 at 23-30 (Plaintiff's First, Eighth and Fourteenth Amendment claims), with ECF No. 3.  As determined in the screening order, the claims as presented are not cognizable.  See ECF No. 11 at 9-10.  The preliminary injunction motion presents no additional facts, nor does it identify any likely irreparable injury at the hands of any particular Defendant that is imminent in nature.  See generally ECF No. 3.

Next, Plaintiff takes Elrod out of context.  Elrod was a class action in which civil servants in Cook County, Illinois, sought injunctive relief against a Democratic sheriff and other Democratic organizations on the grounds that their First and Fourteenth Amendment rights were violated when they were either discharged or threatened with discharge because they were not affiliated with or sponsored by the Democratic Party.  Elrod, 427 U.S. at 347.  At the time the preliminary injunction motion was filed, many members of the class that respondents were seeking to have certified before their complaint was dismissed had either been threatened with discharge, or they had agreed to provide support for the Democratic Party in order to avoid discharge.  See id. at 373.  In other words, the threat to the litigants' First Amendment rights was, in fact, imminent.  Injunctive relief was granted because respondents' First Amendment right to association was either threatened or was being impaired *at the time the injunctive relief was being sought*.  See id. (emphasis added).

Here, Plaintiff points to no specific, actionable incidents in which his First Amendment right to file grievances is currently being impaired or that its impairment is imminent and irreparable.  On the contrary, at the very foundation of the First Amendment claims Plaintiff has attempted to raise in the complaint is the general assertion that Defendants are punishing him in different ways because he *continues* – and is impliedly permitted – to file grievances.  See ECF No. 1 at 2-3.  The grievance process has not been denied him, and based on the statements in the complaint, future retaliation is no more than speculative.

3

The motion also fails to identify any specific Defendants who continues to violate Plaintiff's right to file grievances. See generally ECF No. 3. The same is true of Plaintiff's physical safety and any related Eighth Amendment claims. The motion is based entirely on Plaintiff's assertions regarding past events and what he believes may happen in the future. See generally id. Any belief on Plaintiff's part that Defendants or high-level offender inmates will physically harm him, or that particular Defendants will continue to retaliate against him for filing grievances, is purely speculative and thus does not constitute irreparable harm warranting a preliminary injunction. See Caribbean Marine Servs. Co., 844 F.2d at 674; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984); see also Fed. R. Civ. Proc. 65(b) (stating movant must demonstrate credible threat of immediate and irreparable harm with specific facts).

Finally, as stated in the screening order, Plaintiff's claims related to his housing with higher-level offenders and losing programming opportunities are without merit. See generally ECF No. 11 at 4-5.

For all these reasons, the undersigned will recommend that Plaintiff's motion for a preliminary injunction be denied.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE