UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>C. SNELLING, et al.,<br><br>Defendants. | No. 2:21-cv-02181 DAD AC<br><br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint is before the court for screening. ECF No. 19.

I.     Statutory Screening of Prisoner Complaints

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

////

////

1

II.     Amended Complaint

Plaintiff presents nine separate claims against fourteen named defendants and 50 unnamed Doe defendants employed at California Medical Facility during various periods in 2021.

In his first claim, plaintiff alleges that on September 17, 2021, defendants Arrezola and Damacion conducted a strip search that was unreasonable because it was performed next to a low dose scanner that could have been used instead, and because defendants admitting knowing that plaintiff did not have contraband. Defendant Benavidez reviewed the grievance that plaintiff filed on October 15, 2021 concerning this search.

Claim Two contends that defendants Bennamon, Wheeler, and Conner retaliated against plaintiff in violation of the First Amendment based on the issuance and administrative review of a false rules violation report ("RVR") that was meant to punish plaintiff for filing staff complaints and lawsuits. Defendant Conner issued the RVR and defendants Bennamon and Wheeler reviewed it after plaintiff filed a grievance. Plaintiff alleges that this RVR was retaliatory because a counseling chrono could have been issued instead.

In Claim Three, plaintiff asserts a separate First Amendment retaliation claim against defendants Conner, Sawyer, Bennamon, Wheeler, Gonzalez, and Kahie for placing him in administrative segregation ("ASU") as a "time out" for his litigious conduct. ECF No. 19 at 6. Specifically, plaintiff alleges that defendant Sawyer ordered plaintiff to be placed in ASU after defendants Bennamon, Wheeler, Gonzalez and Kahie told him that they wanted plaintiff moved because he "had become too aggressive in asserting his legal rights." ECF No. 19 at 6. Defendant Conner escorted plaintiff from the visitation room to a holding cell before he was placed in the ASU.

Claim Four asserts a Fourteenth Amendment violation by defendant Sawyer based on the conditions of plaintiff's confinement in ASU, on grounds that plaintiff suffered extreme sleep and nutritional deprivation and was deprived of meaningful access to exercise.

In his fifth and sixth claims, plaintiff asserts a First Amendment retaliation and Fourteenth Amendment due process claim against defendants Brodie and Martinez based on their participation in a November 3, 2021 Institutional Classification Committee ("ICC") hearing.

Plaintiff alleges they retaliated against him by denying him program credits because of his history of filing lawsuits. They also denied him procedural due process by denying him written notice, an opportunity to call witnesses and present evidence, and a written explanation of their decision. Defendant Lacompte knowingly and unlawfully removed 150 days of plaintiff's program credits from the SOMS computer system.

Claim Seven and Eight assert a Fourteenth Amendment procedural due process and First Amendment retaliation claim against defendant Pittsley, who presided over plaintiff's November 13, 2021 disciplinary hearing. Specifically, plaintiff contends that Pittsley suppressed his documentary evidence and ability to ask questions of witnesses based on his history of filing lawsuits against correctional officers.

The last claim is a First Amendment retaliation claim against defendant Wheeler for assigning plaintiff a cell mate that ended up injuring plaintiff due to plaintiff's history of filing grievances.

As to all of the individual retaliation claims, plaintiff asserts that his First Amendment rights were chilled. With respect to Claims Six and Seven that are based on the loss of program credits affecting his sentence, plaintiff asserts that these challenges are proper because has already served the additional time that was forfeited. ECF No. 19 at 11-12. By way of relief, plaintiff seeks all remedies provided by law.

III.   Claims for Which a Response Will Be Required

After conducting the required screening, the court finds that plaintiff may proceed on the Fourth Amendment unreasonable search claim against defendants Arrezola and Damacion (Claim One); the First Amendment retaliation claims against defendants Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez, and Pittsley (Claims Three, Five, Eight, Nine); and, the Fourteenth Amendment procedural due process claim against defendant Pittsley (Claim Seven).

IV.   Failure to State a Claim

There are no factual allegations involving defendants C. Snelling or Does 1-50 in the amended complaint. For this reason alone, plaintiff fails to state a claim against these defendants. The factual allegations against defendant Lacompte do not establish a constitutional violation

3

based on his removal of program credits from the SOMS computer system because plaintiff does not allege that such conduct was based on any of plaintiff's protected conduct. A viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Therefore, plaintiff does not state a retaliation claim against defendant Lacompte as alleged in Claim Six.

Claim Two against defendant Conner fails to state a claim for the issuance and review of a false RVR. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (stating that a prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions). Plaintiff does not state a constitutional claim for relief simply because plaintiff could have been issued a counseling chrono rather than an RVR.

Plaintiff additionally fails to state a claim against defendants Benavidez (Claim One), Bennamon (Claim Two), and Wheeler (Claim Two) based on their review of his administrative grievances. A prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

Claim Four challenging plaintiff's conditions of confinement while in the ASU fails to state a claim for relief because the amended complaint does not sufficiently describe the nature and length of the deprivations. Under the Eighth Amendment, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities.'"[1]

---

[1] The Fourteenth Amendment standard only applies if plaintiff is a pretrial detainee or civilly committed. See Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (internal quotations and

4

1   Lemire. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citation omitted).
2   Extreme deprivations are required to make out a conditions of confinement claim. Hudson v.
3   McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are
4   critical in determining whether the conditions complained of are grave enough to form the basis
5   of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

    The procedural due process violation asserted in Claim Six does not state a claim because
it is based on plaintiff's classification hearing. Prisoners do not have a right to a particular
classification or custody level under the Due Process Clause. See Myron v. Terhune, 476 F.3d
716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing
at a level III prison as opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318
(9th Cir. 1987) (emphasizing that "'a prisoner has no constitutional right to a particular
classification status.'") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Accordingly,
plaintiff does not have a liberty interest in being housed in any particular prison or to any
particular classification. Therefore, plaintiff does not state a due process claim against defendants
Brodie and Martinez based on his classification hearing.

V.    Leave to Amend

    It appears that plaintiff may be able to allege facts to fix the defects identified above with
respect to certain claims and defendants. Thus, the court will grant him the opportunity to amend
the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Arrezola,
Damacion, Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez, and Pittsley or he
may delay serving these defendants and further amend the complaint.

    Plaintiff will be required to complete and return the attached notice advising the court how
he wishes to proceed. If plaintiff chooses to further amend the complaint, he will be given thirty
days to file a second amended complaint. If plaintiff elects to proceed on his claims against

---

citations omitted). The due process clause of the Fourteenth Amendment "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972). Plaintiff does not explain why the Fourteenth Amendment applies to his challenge to the conditions of his confinement.

defendants Arrezola, Damacion, Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez, and Pittsley without amending the complaint, the court will proceed to serve the first amended complaint.  A decision to go forward without further amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Snelling, Lacompte, Conner, Benavidez, and Does 1-50 as well as claim two against defendants Bennamon and Wheeler, claim four in its entirety, and claim six against defendants Brodie and Martinez.

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the amended complaint state claims against the defendants and some do not.  You have a choice to make.  You may either (1) proceed immediately on the claims

found cognizable in this order and voluntarily dismiss the other claims and defendants; or (2) file a second amended complaint to try to fix the deficiencies identified in this order.  After you make your decision, you must complete the attached notification and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file a second amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Snelling, Lacompte, Conner, Benavidez, Does 1-50; Claim Two against defendants Bennamon and Wheeler; Claim Four in its entirety; and Claim Six against defendants Brodie and Martinez do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his claims against defendants Arrezola, Damacion, Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez and Pittsley as set forth in Section III above, or to further amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened amended complaint or whether he wants to file a second amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the amended complaint as screened and will recommend dismissal without prejudice of defendants Snelling, Lacompte, Conner, Benavidez, Does 1-50; Claim Two against defendants Bennamon and Wheeler; Claim Four in its entirety; and Claim Six against defendants Brodie and Martinez.

DATED: March 12, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>        Plaintiff,<br><br>    v.<br><br>C. SNELLING, et al.,<br><br>        Defendants. | No. 2:21-cv-02181 DAD AC<br><br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Fourth Amendment unreasonable search claim against defendants Arrezola and Damacion (Claim One); the First Amendment retaliation claims against defendants Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez, and Pittsley (Claims Three, Five, Eight, Nine); and the Fourteenth Amendment procedural due process claim against defendant Pittsley (Claim Seven).  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice defendants Snelling, Lacompte, Conner, Benavidez, Does 1-50; Claim Two against defendants Bennamon and Wheeler; Claim Four in its entirety; and Claim Six against defendants Brodie and Martinez, pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.


DATED:_____

MICHAEL AARON WITKIN<br>
Plaintiff pro se

1