1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL AARON WITKIN,                    No.  2:21-cv-2181 DAD AC P

12                      Plaintiff,

13          v.                                 ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    C. SNELLING, et al.,

15                      Defendants.

16

17          Plaintiff is a former state prisoner proceeding without counsel and in forma pauperis in

18   this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended complaint

19   ("SAC") is before the court for screening.  ECF No. 31.

20   I.      Statutory Screening of Prisoner Complaints

21          As plaintiff was previously advised, the court is required to screen complaints brought by

22   prisoners seeking relief against "a governmental entity or officer or employee of a governmental

23   entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

24   prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which

25   relief may be granted," or that "seek[] monetary relief from a defendant who is immune from

26   such relief."  28 U.S.C. § 1915A(b).

27          The court is required to screen complaints brought by prisoners seeking relief against "a

28   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

                                               1

1    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

2    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

3    monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

4        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

5    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6    Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

7    theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

8    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

9    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a

10   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

11   Franklin, 745 F.2d at 1227-28 (citations omitted).

12       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

13   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

14   what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

15   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

16   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

17   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

18   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure

19   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

20   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

21   speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain

22   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

23   cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

24   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

25       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

26   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

27   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

28   content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Second Amended Complaint[1]

The SAC presents nine separate claims against fourteen named defendants and 50 unnamed Doe defendants employed at California Medical Facility during various periods in 2021. ECF No. 31.

In Claim One, plaintiff alleges that on September 17, 2021, defendants Arrezola and Damacion conducted a strip search that was unreasonable because it was performed next to a low dose scanner that could have been used instead, and because defendants admitted knowing that plaintiff did not have contraband. ECF No. 31 at 3. Defendant Benavidez reviewed the grievance that plaintiff filed on October 15, 2021, concerning this search. Id.

Claim Two contends that defendants Bennamon, Wheeler, and Conner retaliated against plaintiff in violation of the First Amendment based on the issuance and administrative review of a false rules violation report ("RVR") that was meant to punish plaintiff for filing staff complaints and lawsuits. Id. at 4-5. Defendant Conner issued the RVR and defendants Bennamon and Wheeler reviewed it after plaintiff filed a grievance. Id.

In Claim Three, plaintiff asserts a separate First Amendment retaliation claim against defendants Conner, Sawyer, Bennamon, Wheeler, Gonzalez, and Kahie for placing him in administrative segregation ("ASU") as a "time out" for his litigious conduct. Id. at 6. Specifically, plaintiff alleges that defendant Sawyer ordered plaintiff to be placed in ASU after defendants Bennamon, Wheeler, Gonzalez and Kahie told him that they wanted plaintiff moved because he "had become too aggressive in asserting his legal rights." Id. Defendant Conner escorted plaintiff from the visitation room to a holding cell before he was placed in the ASU. Id.

[1] Plaintiff's second amended complaint ("SAC") is identical to his first amended complaint ("FAC") with one exception—plaintiff has modified Claim Six. Compare ECF No. 19 with ECF No. 31.

1  at 7.

2        Claim Four asserts a Fourteenth Amendment violation by defendant Sawyer based on the

3  conditions of plaintiff's confinement in ASU, on grounds that plaintiff suffered extreme sleep and

4  nutritional deprivation and was deprived of meaningful access to exercise for twelve days.  Id. at

5  8-9.  In Claim Four, plaintiff also alleges that Martinez violated his rights when he did not release

6  plaintiff from ASU confinement.  Id. at 9.  Defendant Martinez told plaintiff that he could release

7  plaintiff from ASU immediately, but did not because defendants Gonzalez, Kahie, Bennamon,

8  Wheeler, and Sawyer told defendant Martinez that "they wanted [plaintiff[ to have some 'time to

9  think about'" the allegations he made against them.  Id.

10        In Claim Five, plaintiff asserts a First Amendment retaliation claim against defendants

11  Brodie and Martinez based on their participation in a November 3, 2021, Institutional

12  Classification Committee ("ICC") hearing.  Id. at 10.  Plaintiff alleges they retaliated against him

13  by taking away 150-days of good time credits earned because of his history of filing lawsuits.  Id.

14        Claim Six, the only modified claim in the SAC, asserts a Fourteenth Amendment

15  procedural due process claim against defendants Brodie and Martinez.  Id. at 10-11.  Specifically,

16  plaintiff alleges that during his classification hearing defendants Brodie and Martinez imposed a

17  disciplinary action against plaintiff, namely a loss of 150-days of good time credits.  Id. at 11.

18  This disciplinary action was made despite (1) plaintiff's incomplete disciplinary hearing on the

19  issue; (2) an order at the disciplinary hearing for a supplemental investigation, which was still

20  pending; and (3) no finding of guilt.  Id.  Plaintiff appealed the credit loss.  Id.  The appeal was

21  granted, but due to regulations, plaintiff served the additional time that was forfeited.  Id.

22        Claims Seven and Eight allege violation of plaintiff's Fourteenth Amendment right to

23  procedural due process and First Amendment right to be free from retaliation, respectively, by

24  defendant Pittsley who presided over plaintiff's November 13, 2021, disciplinary hearing.  Id. at

25  12-14.  Specifically, plaintiff contends that Pittsley suppressed his documentary evidence and

26  ability to ask questions of witnesses based on his history of filing lawsuits against correctional

27  officers.  Id.  Pittsley's actions resulted in plaintiff serving additional time based on lost credits.

28  Id. at 12.

In Claim Nine, plaintiff alleges that Wheeler violated plaintiff's First Amendment rights by assigning plaintiff a cellmate that Wheeler knew would commit a battery and who committed a battery against plaintiff in retaliation for plaintiff's history of filing grievances. Id. at 15. As to all of the individual retaliation claims, plaintiff asserts that his First Amendment rights were chilled. Id. at 4, 6, 10, 13, 15. By way of relief, plaintiff seeks all remedies provided by law. Id. at 17.

III.    Claims for Which a Response Will Be Required

After conducting the required screening and liberally construing the allegations in the SAC, the court finds that plaintiff may proceed on the Fourth Amendment unreasonable search claim against defendants Arrezola and Damacion (Claim One); the First Amendment retaliation claims against defendants Conner, Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez, and Pittsley (Claims Two, Three, Four, Five, Eight, Nine); the Eighth Amendment conditions of confinement claims against Sawyer and Martinez for sleep and nutritional deprivation (Claim Four); and, the Fourteenth Amendment procedural due process claims against defendants Brodie, Martinez, and Pittsley (Claims Six, Seven).

Plaintiff sufficiently alleges that defendants Arrezola and Damacion conducted a strip search for the sole purpose of harassment. Strip searches done for the purpose of harassment are not constitutionally valid. Hudson v. Palmer, 468 U.S. 517, 528 (1984) (holding that "intentional harassment of even the most hardened criminals cannot be tolerated" by the Fourth Amendment's protections). Plaintiff also sufficiently alleges that defendants Conner, Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez, and Pittsley took adverse actions against plaintiff because plaintiff filed grievances against them or other prison staff. Plaintiff alleges that defendants' adverse actions did not advance a legitimate correctional goal and chilled his First Amendment rights. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584

1  F.3d 1262, 1269 (9th Cir. 2009) ("Prisoners have a First Amendment right to file grievances

2  against prison officials and to be free from retaliation for doing so."); Sprouse v. Babcock, 870

3  F.2d 450, 452 (8th Cir. 1989) (holding that although filing a false disciplinary report alone is not

4  sufficient to state a § 1983 claim, filing of a false disciplinary charge in retaliation for a grievance

5  filed by an inmate is actionable under section 1983).

6        Plaintiff further states cognizable conditions of confinement claims based on sleep

7  deprivation and inadequate nutrition against defendants Sawyer and Martinez.  Allegations that

8  for a twelve-day period, plaintiff was subjected to loud banging and lights shining in plaintiff's

9  eyes every thirty minutes raises constitutional claims.  See Rico v. Ducart, 980 F.3d 1292, 1298

10  (9th Cir. 2020) (severe deprivation of a prisoner's sleep due to excessive noise can amount to

11  Eighth Amendment violations); cf. Harbridge v. Schwarzenegger, No. CV 07-4486 GW (SH),

12  2012 WL 13252724, at *10, 2012 U.S. Dist. LEXIS 208556, at * (C.D. Cal. Jan. 4, 2012)

13  (deprivation of basic necessities for a twelve-day period that resulted in alleged sleep deprivation

14  is sufficiently serious to state an Eighth Amendment conditions of confinement claim); North v.

15  Salazar, No. 24-cv-2041 JLS (VET), 2025 WL 1134614, at *7, 2025 U.S. Dist. LEXIS 72738, at

16  *15-16 (S.D. Cal. Apr. 16, 2025) (temporary deprivation of sleep for five to nine days is not a

17  sufficiently serious deprivation for Eighth Amendment purposes) (collecting cases).

18  Additionally, plaintiff's allegations that while in ASU he received less than half of the normally

19  recommended calories and lost eleven pounds in twelve days is sufficient to state a claim of

20  inadequate nutrition.  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (recognizing the

21  Eighth Amendment requires that prisoners receive food adequate to maintain health).

22        Although "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the

23  full panoply of rights due a defendant in such proceedings does not apply," plaintiff has

24  sufficiently alleged that during a disciplinary hearing that included the loss of good time credits,

25  defendant Pittsley denied plaintiff an opportunity to question witnesses and present documentary

26  evidence.  See Wolff v. McDonnell, 418 U.S. 539, 566 (1974) (in disciplinary proceedings that

27  include the loss of good-time credits, an inmate must receive, among other things, an opportunity

28  to call witnesses and present documentary evidence where doing so "will not be unduly

1  hazardous to institutional safety or correctional goals").  Furthermore, although "a prisoner has no

2  constitutional right to a particular classification status," <u>Hernandez v. Johnston</u>, 833 F.2d 1316,

3  1318 (9th Cir. 1987) (quoting <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976)), and would

4  therefore not have due process rights during a classification hearing, because plaintiff alleges that

5  the classification hearing functioned as a disciplinary hearing, which resulted in the loss of good

6  time credits, and he was not provided an opportunity to present defense evidence, he has, for

7  purposes of screening, stated a deprivation of his procedural due process rights.  <u>See Wolff</u>, 418

8  U.S. at 566; <u>see also Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985) (a finding of guilt must

9  also be "supported by some evidence in the record.").

10      IV.    <u>Failure to State a Claim</u>

11          The SAC contains no factual allegations involving defendants C. Snelling or Does 1-50.

12  To state a claim for relief under section 1983, plaintiff must link each named defendant with some

13  affirmative act or omission that demonstrates a violation of plaintiff's federal rights, <u>Monell v.</u>

14  <u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976), which

15  he has not done.  For this reason alone, plaintiff fails to state a claim against these defendants.

16          Plaintiff additionally fails to state a claim against defendants Benavidez (Claim One),

17  Bennamon (Claim Two), and Wheeler (Claim Two) based on their review of his administrative

18  grievances.  A prison official's action in reviewing an inmate grievance cannot serve as a basis

19  for liability under Section 1983.  <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993).  "Only

20  persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an

21  administrative complaint does not cause or contribute to the violation.  A guard who stands and

22  watches while another guard beats a prisoner violates the Constitution; a guard who rejects an

23  administrative complaint about a completed act of misconduct does not."  <u>George v. Smith</u>, 507

24  F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

25          Plaintiff also fails to state an Eighth Amendment conditions of confinement claim based

26  on a twelve-day period of no meaningful access to exercise against defendants Sawyer and

27  Martinez (Claim Four).  <u>See Norwood v. Vance</u>, 591 F.3d 1062, 1070 (9th Cir. 2010)

28  (recognizing that temporary denial of outdoor exercise with no medical effects is not a substantial

deprivation).

V.     Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above and in its prior screening order, the SAC fails to state any claims against defendants C. Snelling, Does 1-50; any claim against Benavidez; claims against defendants Bennamon and Wheeler based on their review of his administrative grievances; or an Eighth Amendment claim against defendants Sawyer and Martinez based on deprivation of outdoor exercise.  See ECF No. 23 at 3-5.  Plaintiff has already been given two opportunities to amend the complaint and advised what kind of information he needed to provide, but the defective claims in the SAC are identical to those of the FAC.  Accordingly, it appears that plaintiff has no additional facts which might fix the defects.  As a result, the undersigned recommends that plaintiff's claims against defendants C. Snelling, Does 1-50; claim against Benavidez; claims against defendants Bennamon and Wheeler based on their review of his administrative grievances; and Eighth Amendment claim against defendants Sawyer and Martinez based on no meaningful access to outdoor exercise, all be dismissed without leave to amend.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the SAC state claims against the defendants and some do not. The undersigned will order service of the SAC on the Fourth Amendment unreasonable search claim against defendants Arrezola and Damacion (Claim One); the First Amendment retaliation claims against defendants Conner, Sawyer, Bennamon, Wheeler, Gonzalez, Kahie, Brodie, Martinez, and Pittsley (Claims Two, Three, Four, Five, Eight, Nine); the Eighth Amendment conditions of confinement claims against Sawyer and Martinez for sleep and nutritional deprivation (Claim Four); and, the Fourteenth Amendment procedural due process claims against defendants Brodie, Martinez, and Pittsley (Claims Six, Seven).

8

1   You have not stated any claims against defendants C. Snelling, Does 1-50; Benavidez;

2   retaliation claims against defendants Bennamon and Wheeler based on their review of his

3   administrative grievances; or Eighth Amendment claim against defendants Sawyer and Martinez

4   based on no meaningful access to outdoor exercise.  Because your SAC simply repeats the same

5   defective allegations as in the FAC with respect to these claims, and you have already had two

6   chances to amend your complaint and did not fix these defects, the undersigned is recommending

7   that those claims be dismissed without providing you a third opportunity to amend.  If the district

8   judge agrees, your case will proceed only on the claims identified in Section III of this order.

9                                    CONCLUSION

10  In accordance with the above, IT IS HEREBY ORDERED that:

11  1.   The allegations in the SAC (ECF No. 31) state a Fourth Amendment unreasonable

12  search claim against defendants Arrezola and Damacion (Claim One); First Amendment

13  retaliation claims against defendants Conner, Sawyer, Bennamon, Wheeler, Gonzalez, Kahie,

14  Brodie, Martinez, and Pittsley (Claims Two, Three, Four, Five, Eight, Nine); Eighth Amendment

15  conditions of confinement claims against Sawyer and Martinez for sleep and nutritional

16  deprivation (Claim Four); and, Fourteenth Amendment procedural due process claims against

17  defendants Brodie, Martinez, and Pittsley (Claims Six, Seven).

18  2.   E-service of defendants Arrezola, Damacion, Conner, Sawyer, Bennamon, Wheeler,

19  Gonzalez, Kahie, Brodie, Martinez, Pittsley will be directed by separate order.  Plaintiff should

20  not complete service paperwork for these defendants unless ordered to do so by the court.

21  IT IS FURTHER RECOMMENDED that plaintiff's claims against defendants Snelling,

22  Benavidez, and Does 1-50; Claim Two against defendants Bennamon and Wheeler; and Claim

23  Four based on no meaningful access to outdoor exercise against Sawyer and Martinez, all be

24  dismissed without leave to amend.

25  These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

27  after being served with these findings and recommendations, plaintiff may file written objections

28  with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

9

1   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

2   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

3   (9th Cir. 1991).

4   DATED: May 22, 2025

5
ALLISON CLAIRE
6   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28